J-A28014-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| BERNARD FIELDING | : | |
| | : | |
| Appellant | : | No. 2315 EDA 2021 |

Appeal from the PCRA Order Entered October 15, 2021
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-1036801-1992

BEFORE: PANELLA, P.J., LAZARUS, J., and SULLIVAN, J.

MEMORANDUM BY PANELLA, P.J.:                    **FILED APRIL 4, 2023**

Bernard Fielding appeals *pro se* from the order denying his motion for DNA testing pursuant to Section 9543.1 of the Post Conviction Relief Act ("PCRA")[1]. After review, under the circumstances presented, including the current state of the record, we vacate the order and remand with instructions.

Briefly, we note that after a jury trial in April 1994, Fielding was found guilty of second-degree murder, burglary, robbery, possessing instruments of crime, and criminal conspiracy in connection with the robbery and fatal stabbing of Louise Thomas in her home.[2] The trial court sentenced Fielding to

---

[1] 42 Pa.C.S.A. §§ 9541-9546.

[2] According to detectives, Fielding confessed to the crime when interviewed at the police station. Fielding filed a pre-trial motion to suppress the alleged
*(Footnote Continued Next Page)*

an aggregate term of life imprisonment. We affirmed the judgment of sentence on direct appeal and the Pennsylvania Supreme Court subsequently denied allowance of appeal. *See Commonwealth v. Fielding*, 676 A.2d 280 (Pa. Super., filed December 26, 1995) (unpublished memorandum), *appeal denied*, 681 A.2d 1341 (Pa. 1996). Over the next two decades, Fielding filed numerous unsuccessful petitions for collateral relief.

On April 28, 2019, Fielding filed a *pro se* motion for DNA testing pursuant to 42 Pa.C.S.A. § 9543.1. On October 15, 2021, the PCRA court denied the motion, finding Fielding "failed to meet his burden of establishing a prima facie case of actual innocence" pursuant to Section 9543.1. PCRA Court Opinion, 10/15/21, at 2. This timely appeal followed.

Fielding argues the PCRA court erred in denying his motion for post-conviction DNA testing. "Post-conviction DNA testing falls under the aegis of the [PCRA], and thus, [o]ur standard of review permits us to consider only whether the PCRA court's determination is supported by the evidence of record and whether it is free from legal error." *Commonwealth v. Conway*, 14 A.3d 101, 108 (Pa. Super. 2011) (citation, internal quotation marks, and footnote

---

confession, which was denied. Despite the lack of a full record before us, the Commonwealth concedes that the challenged-but-upheld confession was the sole evidence supporting Fielding's convictions. **See** Commonwealth's Brief, at 7-8. Fielding has continuously maintained that his confession was mentally and physically coerced. Notably, the Commonwealth labels the confession as "questionable", and concedes the confession was not audio or video recorded, and the written statement was not written or signed by Fielding. **Id**.

omitted). Since the resolution of this appeal involves statutory construction, which involves a pure question of law, we apply a *de novo* standard and a plenary scope of review. ***See id***.

Section 9543.1 of the PCRA controls post-conviction requests for DNA testing.

> An individual convicted of a criminal offense in a court of this Commonwealth may apply by making a written motion to the sentencing court *at any time* for the performance of forensic DNA testing on specific evidence that is related to the investigation or prosecution that resulted in the judgment of conviction.

42 Pa.C.S.A. § 9543.1 (emphasis added). Section 9543.1 sets forth several threshold requirements to obtain DNA testing. Summarily, those requirements are as follows:

> (1) the evidence specified must be available for testing on the date of the motion; (2) if the evidence was discovered prior to the applicant's conviction, it was not already DNA tested because (a) technology for testing did not exist at the time of the applicant's trial; (b) the applicant's counsel did not request testing in a case that went to verdict before January 1, 1995; or (c) counsel sought funds from the court to pay for the testing because his client was indigent, and the court refused the request despite the client's indigency. Additionally,
>
>> [t]he legislature delineated a clear standard—and in fact delineated certain portions of the standard twice. Under section 9543.1(c)(3), the petitioner is required to present a *prima facie* case that the requested DNA testing, assuming it gives exculpatory results, would establish the petitioner's actual innocence of the crime. Under section 9543.1(d)(2), the court is directed not to order the testing if it determines, after review of the trial record, that there is no reasonable possibility that the testing would produce exculpatory evidence to establish petitioner's actual innocence. From the clear words and plain meaning of these provisions, there can be no mistake that the burden lies with the petitioner to

make a *prima facie* case that favorable results from the requested DNA testing would establish his innocence. We note that the statute does not require petitioner to show that the DNA testing results would be favorable. *However, the court is required to review not only the motion [for DNA testing], but also the trial record, and then make a determination as to whether there is a reasonable possibility that DNA testing would produce exculpatory evidence that would establish petitioner's actual innocence*.

The text of the statute set forth in Section 9543.1(c)(3) and reinforced in Section 9543.1(d)(2) requires the applicant to demonstrate that favorable results of the requested DNA testing would establish the applicant's actual innocence of the crime of conviction. The statutory standard to obtain testing requires more than conjecture or speculation; it demands a prima facie case that the DNA results, if exculpatory, would establish actual innocence.

*Commonwealth v. Williams*, 35 A.3d 44, 49-50 (Pa. Super. 2011) (citations omitted; emphasis added).

Preliminarily, Fielding contends the PCRA court erred in relying exclusively on the information contained in Fielding's motion to support its decision to deny Fielding's request for DNA testing.

In its opinion denying Fielding's motion, the PCRA court fails to cite to any portion of the record in making its decision, nor does it indicate that it reviewed the record in any form. Rather, the court references the motion alone in making its decision. **See** PCRA Court Opinion, 10/15/21, at 1-2 (stating the court determined that Fielding failed to present a prima facie case of actual innocence based on the court's review of the instant motion for DNA testing; and stating the allegations in the petition bely Fielding's claims for DNA testing).

In support of its finding that Fielding failed to present a prima facie case of "actual innocence" pursuant to Section 9543(c)(3)(ii)(A), the PCRA court relies only on a portion of Fielding's motion dedicated to Section 9543(c)(3)(i), and specifically Fielding's confession to the crimes.[3]

The PCRA court fails to address Fielding's claims that DNA testing performed "on the knife recovered at the crime scene with an unidentified fingerprint on the handle, assuming exculpatory results" would not only show the absence of his DNA on the murder weapon, but would also show the presence of the actual perpetrator's DNA.

Accordingly, it does not appear the PCRA court followed the mandate in 42 Pa.C.S.A. § 9543.1(c)(3) and (d)(2) to assess Fielding's request for DNA testing in light of the trial record to see if there were a reasonable possibility that the testing would produce exculpatory evidence to establish Fielding's actual innocence.

Notably, it is unclear whether or not the PCRA court even had access to the trial record at the time it drafted the order and opinion. In correspondence

---

[3] The Pennsylvania Supreme Court has held that with respect to Section 9543.1's requirement for a showing of actual innocence, "a confession, even if previously and finally adjudicated as voluntary, does not constitute a *per se* bar to establishing a *prima facie* case [of actual innocence], and the convicted person may, therefore, obtain DNA testing under Section 9543.1 if he or she meets all of this statute's pertinent requirements." ***Commonwealth v. Wright***, 14 A.3d 798, 800 (Pa. 2011).

filed along with the PCRA court opinion on February 25, 2022,[4] the PCRA court informed our prothonotary's office that the instant trial record is missing from the Office of Judicial Records. The correspondence states that a reconstructed record of available scanned court documents has been provided, and that once the original file is located, it will be filed as a supplemental record. It is clear from a review of the truncated record supplied to us that a significant amount of documentation is missing. Further, no supplemental record had been provided prior to our review.

We therefore have no way of knowing what record, if any, was available to the PCRA court when it issued its order and opinion denying Fielding's request for DNA testing. In any event, it is clear that if the PCRA court reviewed a record at all, it is not the one currently before us.

Accordingly, we must address the incomplete nature of the certified record. Generally, it is an appellant's responsibility to ensure the record certified on appeal is complete. *See Commonwealth v. Preston*, 904 A.2d 1, 7 (Pa. Super. 2006). However, we are mindful of the following:

> Under [Pa.R.A.P.] 1926, an appellate court may direct that an omission or misstatement shall be corrected through the filing of a supplemental certified record. However, this does not alter the fact that the ultimate responsibility of ensuring that the transmitted record is complete rests squarely upon the appellant and not the appellate courts. Pa.R.A.P. 1931.

---

[4] No new opinion was filed in response to Fielding's appeal. Instead, the PCRA court refiled its October 15, 2021 opinion on February 25, 2022.

With regard to missing transcripts, the Rules of Appellate Procedure require an appellant to order and pay for any transcript necessary to permit resolution of the issues raised on appeal. Pa.R.A.P. 1911(a). ... When the appellant ... fails to conform to the requirements of 1911, any claims that cannot be resolved in the absence of the necessary transcript or transcripts must be deemed waived for the purpose of appellate review. It is not proper for either the Pennsylvania Supreme Court or the Superior Court to order transcripts nor is it the responsibility of the appellate courts to obtain the necessary transcripts.

In the absence of specific indicators that a relevant document exists but was inadvertently omitted from the certified record, it is not incumbent upon this Court to expend time, effort and manpower scouring around judicial chambers or the various prothonotaries' offices of the courts of common pleas for the purpose of unearthing transcripts, ... that may well have been presented to the trial court but were never formally introduced and made part of the certified record. If, however, a copy of a document has been placed into the reproduced record, or if notes of testimony are cited specifically by the parties or are listed in the record inventory certified to this Court, then we have reason to believe that such evidence exists. In this type of situation, we might well make an informal inquiry to see if there was an error in transmitting the certified record to this Court. We might also formally remand the matter to the trial court to ascertain whether notes of testimony or other documentation can be located and transmitted. If a remand is necessary, it is appropriate to direct the trial court to determine why the necessary documentation was omitted from the certified record. An appellant should not be denied appellate review if the failure to transmit the entire record was caused by an "extraordinary breakdown in the judicial process." However, if the appellant caused a delay or other problems in transmitting the certified record, then he or she is not entitled to relief and the judgment of the court below should be affirmed.

*Id*. at 6–8 (some citations omitted).

Here, the PCRA court does not cite to the record at all. However, Fielding cites the notes of testimony using the reproduced record pages in his appellate brief. Additionally, the Commonwealth relies on the notes of testimony in its

- 7 -

brief, in which the Commonwealth agrees with Fielding that his petition for DNA testing should have been granted. Because the Commonwealth and Fielding cite to the notes of testimony, these circumstances led us to conclude the jury trial transcripts were excluded inadvertently or by error from the certified record. We have since located the jury trial transcripts, which are now available as a supplemental record.

Given the state of the current record, we vacate the order denying Fielding's motion for DNA testing and remand this matter to the PCRA court to finish recreating the record to the best of its ability. *See* Pa.R.A.P. 1926(b)(1) ("If anything material to a party is omitted from the record by error, breakdown in processes of the court, or accident or is misstated therein, the omission or misstatement may be corrected by … the appellate court upon application or on its own initiative at any time…."). After which, the PCRA court shall issue a new order and opinion addressing Fielding's motion for DNA testing that complies with the dictates of 42 Pa.C.S.A. § 9543.1.

Accordingly, we vacate and remand this matter to the PCRA court with instructions. The PCRA court shall address the state of the record and supplement as necessary. The PCRA court will supplement the record, and make its findings in a new order and opinion.

Order vacated. Case remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>4/4/2023</u>